# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| JARAD BONIN | CIVIL ACTION NO. 17-0637 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| LOUIS ACKAL, ET AL. | MAG. JUDGE CAROL B. WHITEHURST |

# RULING

Before the Court is a Motion to Dismiss [Doc. No. 8] filed by Defendant City of New Iberia ("the City"). The City moves to dismiss Plaintiff's claim arising under 42 U.S.C. § 1983, and, should the Court dismiss the Section 1983 claim, it moves the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law negligence claim. [Doc. No. 8-1]. The City adds that, if the Court dismisses Plaintiff's federal claim against the City and decides to exercise supplemental jurisdiction over Plaintiff's negligence claim, the Court should dismiss the negligence claim because the City is immune under La. Rev. Stat. § 9:2798.1. *Id.*

On December 18, 2017, Magistrate Judge Carol B. Whitehurst issued a Report and Recommendation [Doc. No. 22] in which she recommends granting the City's motion, dismissing Plaintiff's Section 1983 claim with prejudice, but exercising supplemental jurisdiction over Plaintiff's state law negligence claims. The Magistrate Judge did not address the City's immunity argument.

Plaintiff objected to the Report and Recommendation on December 31, 2017. [Doc. No. 23]. On January 16, 2018, the City responded to Plaintiff's objection and filed its own untimely[1]

---

[1] As the Magistrate Judge stated: "Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service

objection. [Doc. No. 24].

After a de novo review, the Court ADOPTS the facts and analysis in the Report and Recommendation.[2] The Court issues this Ruling to address the City's objection that the Magistrate Judge did not consider its immunity argument.

In its initial motion, the City argued that Plaintiff's negligence claim should "be dismissed on the basis of discretionary immunity[]" under LA. REV. STAT. § 9:2798.1.[3] [Doc. No. 8-1, p. 6]. The City argues, specifically, that Plaintiff "provides absolutely no facts to support [his] allegation" of gross negligence. *Id.*

If a plaintiff can *prove* that a public entity was grossly negligent, the public entity is not entitled to immunity. *Mercer v. Lowe*, 51,333 (La. App. 2 Cir. 4/5/17), 217 So. 3d 1235, 1239. Conversely, failing to prove that a public entity was grossly negligent does not necessarily render the public entity immune because immunity under Section 2798.1 is an affirmative defense, on which the City bears the burden of proof. *See Molina v. City of New Orleans*, 2001-1411 (La. App. 4 Cir. 10/2/02), 830 So. 2d 994, 1001; *Johnson v. Orleans Par. Sch. Bd.*, 2006-1223 (La. App. 4 Cir.

---

of this report and recommendation to file specific, written objections with the Clerk of Court." [Doc. No. 22, p. 10]. The City filed an objection after the fourteen-day deadline. [*See* Doc. No. 24]. Nevertheless, in the interest of justice, the Court will consider the City's objection.

[2] The Magistrate Judge recommends granting the City's motion in its entirety, thus creating the impression that she recommends granting the City's motion to dismiss Plaintiff's state law negligence claims on immunity grounds. The Magistrate, however, did not consider the City's immunity argument, and she specifically recommends exercising supplemental jurisdiction over Plaintiff's state law negligence claims. In other words, the Magistrate Judge did not intend to rule that the City is entitled to immunity.

[3] Under Section 9:2798.1(B), "Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties."

1/30/08), 975 So. 2d 698, 710 ("[T]he defendants raised the 'discretionary function' immunity as an affirmative defense in their answers and pleadings. As such, the defendants had the burden of proof on this affirmative defense. It must be proved by a preponderance of the evidence."). Thus, even if Plaintiff fails to plausibly allege that the City was grossly negligent—or, more precisely, even if Plaintiff fails to prove gross negligence—the City must nevertheless demonstrate that it is entitled to immunity.[4]

In particular, the City must demonstrate that a "federal statute, regulation, or policy [does not] specifically prescribe[] a course of action . . . ." *Fowler v. Roberts*, 556 So. 2d 1, 15 (La. 1989). If the City proves that discretion is involved, the City must then prove "that [the] discretion is the kind which is shielded by the exception, that is, one grounded in social, economic or political policy." *Id.* Here, the City does not address what it must prove, which is predictable considering the procedural posture of the instant motion. As one court held, the "discretionary function immunity is not available . . . at the motion to dismiss stage" because the defendant must introduce evidence to show that the discretion at issue was "'grounded in social, economic, or political policy.'" *Bouchereau v. Gautreaux*, No. CV 14-805-JWD-SCR, 2015 WL 5321285, at *15 (M.D. La. Sept. 11, 2015) (quoting *Johnson* 975 So. 2d at 710). "The application of this affirmative defense is a question of fact to be determined through a trial." *Johnson*, 975 So. 2d at 710 (internal quotation marks and quoted source omitted).

Addressing an argument similar to the City's, the United States District Court for the Eastern

---

[4] Neither Plaintiff's Complaint nor his Amended Complaint includes allegations that the City can rely on to establish immunity. *See EPCO Carbon Dioxide Prods., Inc. v. J.P. Morgan Chase Bank, N.A.*, 467 F.3d 466, 470 (5th Cir. 2006) ("Although dismissal under rule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint.").

District of Louisiana observed:

> [T]he defendants' theory of improper joinder rests on an affirmative defense [of immunity under Section 9:2798.1], not on the plaintiffs' failure to articulate a claim or upon evidence showing that the plaintiffs have misstated facts. The burden of establishing this defense rests on the defendants. Here, the defendants have offered no evidence on the issue of immunity. Nor is the defense evident from the face of the complaint.

*Anh Ngoc Vo v. Chevron U.S.A., Inc.*, No. CIV.A. 12-1341, 2012 WL 6002759, at *7 (E.D. La. Nov. 30, 2012) (internal citations and footnote omitted).

Here, the City makes no attempt to meet its burden of establishing that it is immune from Plaintiff's state law negligence claim. Consequently, and for the reasons stated in the Magistrate Judge's Report and Recommendation, the Court will maintain supplemental jurisdiction over Plaintiff's state law claim.

Accordingly, the City's Motion to Dismiss [Doc. No. 8] is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED as to Plaintiff's Section 1983 claims against the City, and these claims are DISMISSED WITH PREJUDICE. The motion is DENIED to the extent the City seeks immunity from Plaintiff's state law negligence claim. The City may raise its affirmative defense at a later stage.

MONROE, LOUISIANA, this 23rd day of January, 2018.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE