**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **JARAD BONIN** | **CIVIL NO.: 6:17-CV-00637** |
| **VERSUS** | **UNASSIGNED JUDGE** |
| **LOUIS ACKAL, individually and in his official capacity as the Sheriff of the Iberia Parish Sheriff's Office, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

**SECOND AMENDED AND SUPPLEMENTAL COMPLAINT FOR DAMAGES**

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA, LAFAYETTE-OPELOUSAS DIVISION:

**INTRODUCTION**

This is an action for money damages brought pursuant to 42 U.S.C. 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of Louisiana against Louis Ackal, individually and in his official capacity as the Sheriff of the New Iberia Sheriff's Office, Officer Jane Doe of the Iberia Parish Sheriff's Office, and the City of New Iberia.

Complainant now filed the present Second Supplemental and Amending Complaint for Damages to substitute, Jordan Chapple, for Officer Jane Doe and add additional defendants, whose identities recently became known.

I.

Complainant amends and adds the following paragraphs as follows:

Paragraph 5.

(2)    **DEPUTY JORDAN CHAPPLE**, both individually and in her official as a Deputy Sheriff for the Parish of Iberia;

(3)    **DEPUTY NICHOLAS BROUSSARD**, both individually and in his official as a Deputy Sheriff for the Parish of Iberia; and

(4)    **LIEUTENANT STONEY PENN**, both individually and in his official as a Deputy Sheriff for the Parish of Iberia; and

Paragraph 13.

While standing outside the lobby petitioner, Jarad Bonin, was approached by Deputy Jordan Chapple who began yelling at petitioner.

Paragraph 14.

Petitioner, asked Deputy Jordan Chapple what the problem was. At that time Deputy Jordan Chapple began speaking louder towards Petitioner.

Paragraph 15.

Deputy Jordan Chapple then grabbed the petitioner without his consent and absent probable cause to arrest or detain petitioner.

Paragraph 16.

Deputy Jordan Chapple and other deputies on the scene, which included Deputy Nicholas Broussard and Lt. Stoney Penn, then used unnecessary and unreasonable force upon petitioner, Jarad Bonin, and subdued him to the ground.

Paragraph 17.

After being forced to the ground petitioner, Jarad Bonin, was then tazed by Lieutenant Stoney Penn.

Paragraph 29.

At all times material hereto, Deputy Jordan Chapple, was in the course and scope of her employment with the Iberia Parish Sheriff's Office and was acting under color of law, while employed, controlled, and supervised by Louis Ackal, as the duly-elected Sheriff of the Parish of Iberia.

Paragraph 30.

At all times during the offenses described above, Deputy Jordan Chapple was engaged in a personal venture. Deputy Jordan Chapple performed the various actions described above and let her physical presence and support and the authority of her office be known during the said events.

Paragraph 30A.

At all times material hereto, Deputy Nicholas Broussard, was in the course and scope of his employment with the Iberia Parish Sheriff's Office and was acting under color of law, while employed, controlled, and supervised by Louis Ackal, as the duly-elected Sheriff of the Parish of Iberia.

Paragraph 30B.

At all times during the offenses described above, Deputy Deputy Nicholas Broussard was engaged in a personal venture. Deputy Deputy Nicholas Broussard performed the various actions

described above and let his physical presence and support and the authority of his office be known during the said events.

Paragraph 30C.

At all times material hereto, Lieutenant Stoney Penn, was in the course and scope of his employment with the Iberia Parish Sheriff's Office and was acting under color of law, while employed, controlled, and supervised by Louis Ackal, as the duly-elected Sheriff of the Parish of Iberia.

Paragraph 30D.

At all times during the offenses described above, Lieutenant Stoney Penn was engaged in a personal venture.  Lieutenant Stoney Penn performed the various actions described above and let his physical presence and support and the authority of his office be known during the said events.

Paragraph 31.

As a direct and proximate result of the said incidents by the defendants, petitioner, Jarad Bonin, suffered the following injuries and damages:

(a)    Use of excessive force in violation of his civil rights under 42 U.S.C. §1983;

(b)    Pain and suffering;

(c)    Mental anguish, and emotional pain and suffering;

(d)    Medical bills and expenses;

(e)    Loss of enjoyment of life;

(f)    Embarrassment and humiliation;

(g)     For all damages allowed under Civil Code Article 2315;

(h)     Attorney's fees pursuant to 42 U.S.C. § 1988;

(i)     Punitive damages against Sheriff Louis Ackal in his personal capacity;

(j)     Punitive damages against Deputy Jordan Chapple in her personal capacity;

(k)     Punitive damages against Deputy Nicholas Broussard in his personal capacity; and

(l)     Punitive damages against Lieutenant Stoney Penn in his personal capacity;

Paragraph 37.

Defendant, Deputy Jordan Chapple, assaulted and battered Jarad Bonin, in violation of Louisiana state law, specifically, La. C.C. art. 2315, et seq.

Paragraph 38.

At all times material and present, defendant Deputy Jordan Chapple, was acting within the course and scope of her employment with the Iberia Parish Sheriff's Office, and therefore, Louis Ackal as the duly-elected Sheriff of the Parish of Iberia is vicariously liable pursuant to Louisiana state law for the assault and battery, committed by its employee, Deputy Jordan Chapple.

Paragraph 38A.

Defendant, Deputy Nicholas Broussard, assaulted and battered Jarad Bonin, in violation of Louisiana state law, specifically, La. C.C. art. 2315, et seq.

Paragraph 38B.

At all times material and present, defendant Deputy Nicholas Broussard, was acting within the course and scope of his employment with the Iberia Parish Sheriff's Office, and therefore,

Louis Ackal as the duly-elected Sheriff of the Parish of Iberia is vicariously liable pursuant to Louisiana state law for the assault and battery, committed by its employee, Deputy Nicholas Broussard.

Paragraph 38C.

Defendant, Lieutenant Stoney Penn, assaulted and battered Jarad Bonin, in violation of Louisiana state law, specifically, La. C.C. art. 2315, et seq.

Paragraph 38B.

At all times material and present, defendant Lieutenant Stoney Penn, was acting within the course and scope of his employment with the Iberia Parish Sheriff's Office, and therefore, Louis Ackal as the duly-elected Sheriff of the Parish of Iberia is vicariously liable pursuant to Louisiana state law for the assault and battery, committed by its employee, Lieutenant Stoney Penn.

Paragraph 43.

As a result of the above described policies and/or customs, Deputy Sheriff's for the Parish of Iberia, including the defendants, Deputy Jordan Chapple, Deputy Nicholas Broussard and Lieutenant Stoney Penn, believed that her actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

II.

Complainant re-alleges and re-avers all allegations contained in his original Complaint for Damages and subsequent supplemental Complaint for Damages are incorporated herein by reference as though fully set forth.

**WHEREFORE**, petitioner, Jarad Bonin, prays that a jury trial be had as to the issues triable by jury;  that compensatory damages to be fixed by a jury against the defendants, individually, jointly and *in solido,* be awarded; that punitive damages to be fixed by a jury against the defendants, Sheriff Louis Ackal, Deputy Jordan Chapple, Deputy Nicholas Broussard and Lieutenant Stoney Penn in their individual capacities be awarded; that all costs of this action be assessed against the defendants, individually, jointly and *in solido*; that attorney's fees be awarded herein to plaintiff and that such attorney's fees be assessed against the defendants, individually, jointly and *in solido*; and, for any and all other relief that this Court deems just and proper.

Respectfully submitted:

s/L. Clayton Burgess
**L. CLAYTON BURGESS (22979)**
Attorney for Plaintiff
L. Clayton Burgess, A P.L.C.
605 West Congress Street
Lafayette, Louisiana 70502-5250
Telephone:  (337) 234-7573
Facsimile:  (337) 233-3890
E-mail:  lcburgess@clayburgess.com

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing was electronically filed with the Clerk of Court and all parties through counsel of record using the CM/ECF system.  I also certify that a copy of the foregoing will be sent to all non-CM/ECF participants by United States Mail, properly addressed and postage prepaid.

Lafayette, Louisiana, this 23rd day of April, 2018.

/s/ L. Clayton Burgess

**L. CLAYTON BURGESS**